**Clarence Leon DEWS, Plaintiff–Appellant,**

v.

**COUNTY OF KERN; City of Wasco, Defendants–Appellees.**

**No. 14–16423.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2015.*

Filed March 27, 2015.

Clarence Leon Dews, Corcoran, CA, pro se.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

### MEMORANDUM **

California state prisoner Clarence Leon Dews appeals pro se from the district court's judgment dismissing his 42 U.S.C.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1983 action alleging federal constitutional claims arising out of a prison fight. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed Dews's equal protection claim because Dews failed to allege facts sufficient to show that he was a member of a protected class or that he was intentionally treated differently from other similarly situated individuals for an irrational reason. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir.2013) (to allege a § 1983 equal protection claim, "a plaintiff must show that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (quotation omitted)); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (a "class of one" plaintiff "must allege that . . . [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

The district court properly dismissed Dews's claims against the County of Kern, City of Bakersfield, and City of Wasco because he failed to allege facts sufficient to show that defendants' policies caused his claimed injuries. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (explaining liability of municipalities under § 1983).

The district court properly denied Dews's motions for summary judgment as premature. *See* 28 U.S.C. § 1915(A)(a)-(b) (explaining that a court must first screen a prisoner's complaint to determine whether it has cognizable claims against the named defendants).

The district court did not abuse its discretion in denying Dews's discovery motions as premature. *See Preminger v. Peake*, 552 F.3d 757, 768 n. 10 (9th Cir. 2008) (setting forth standard of review).

We reject Dews's contentions that the district court was prejudiced against him or denied him equal protection and due process.

Dews's motions to augment the record and for copies of transcripts, and request for a writ of coram nobis, filed on September 8, 2014, are denied.

**AFFIRMED.**